# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA

|  |  |  |
|---|---|---|
| | ) | |
| Gerald E. Juels, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 3:17-CV-232 |
| vs. | ) | |
| | ) **JURY TRIAL DEMANDED** ✓ **YES** __ NO | |
| Megan J. Brennan, | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

### JURISDICTION

Jurisdiction is conferred on this court by 28 U.S.C. s 1331, 29 U.S.C. ss 633a(c) and 791 et. seq.

### VENUE

Venue is proper in this court because defendant's unlawful conduct occurred in the State of North Dakota.

### PARTIES

Plaintiff, Gerald E. Juels, is a citizen of the United States and a citizen of the State of North Dakota, Grand Forks County, City of Grand Forks, living at 2402 30th Avenue South, Apartment 1A. Zip code 58201.

Defendant, Megan J. Brennan, is the Postmaster General of the United States Postal Service, 475 L'Enfant Plaza SW, Room 10804, Washington, DC 20260, and operates the United States Postal Service throughout the State of North Dakota, including Grand Forks, North Dakota.

GENERAL ALLEGATIONS

Plaintiff is an individual over the age of 40 who at all times relevant to this complaint suffered from a permanent physical impairment and in the course of his employment with the United States Postal Service engaged in protected activity which included requesting reasonable accommodation and asserting claims of discrimination which led to reprisals by defendant subjecting him to adverse actions without cause or justification.

At all times relevant to this lawsuit, defendant was and remains an employer within the meaning of the Rehabilitation Act of 1973 and the Age Discrimination and Employment Act of 1967., etc.

At all times relevant to this lawsuit, defendant was and remains an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. s 2000e et. seq.

At all times relevant to this lawsuit, plaintiff was an employee of defendant within the meaning of The Rehabilitation Act of 1973 and the Age Discrimination and Employment Act of 1967, etc.

Plaintiff filed an administrative complaint of discrimination concerning treatment he was subjected to as an employee of the United States Postal Service based on his physical disability, age, sex, retaliation, and hostile work environment claims, agency number 4E-570-0009-11, which resulted in a Final Agency Decision that was appealed to EEOC's Office of Federal Operations which on 07/25/2017 gave plaintiff 90 days to file suit in this federal court (Request No. 0520170321).

The Final Agency Decision and Appeals failed to resolve the claims of discrimination and retaliations which are the subject matter of this lawsuit.

Plaintiff has complied with all jurisdictional prerequisites for the filing of this complaint.

## COUNT ONE

EMPLOYMENT DISCRIMINATION: DISABILITY (29 U.S.C. ss 791 et. seq.)

Plaintiff hereby re-alleges and incorporates all allegations contained in all above paragraphs as if fully set forth herein.

Defendant's actions against plaintiff constitutes a violation of the Rehabilitation Act of 1973, as amended, specifically 29 U.S.C. ss 791 et. Seq.

As a direct and proximate result of the conduct of defendant, plaintiff has suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of his rights to equal employment opportunities.

## COUNT TWO

EMPLOYMENT DISCRIMINATION: SEX (Title VII,42 U.S.C. s 2000e et. seq.)

Plaintiff hereby re-alleges and incorporates all allegation contained in all above paragraphs as if fully set forth herein.

Defendant's actions against plaintiff constitutes a violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. s 2000e et. seq.

As a direct and proximate result of the conduct of defendant, plaintiff has suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of his rights to equal employment opportunities.

## COUNT THREE

EMPLOYMENT DISCRIMINATION: AGE (29 U.S.C. S 623, et. seq.)

Plaintiff hereby re-alleges and incorporates all allegations contained in all above paragraphs as if fully set forth herein.

Defendant's actions against plaintiff constitute a violation of the Age Discrimination and Employment Act of 1967, as amended, specifically 29 U.S.C. s 623, et seq.

As a direct and proximate result of the conduct of defendant, plaintiff has suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of his rights to equal employment opportunities.

## COUNT THREE

RETALIATION (29 U.S.C. ss 215 (a)(3) and 791 et. seq.)

Plaintiff hereby re-alleges and incorporates all allegations contained in all above paragraphs as if fully set forth herein.

Defendant's actions against plaintiff constitute a violation of the age Discrimination and Employment Act of 1967, as amended, and the Rehabilitation Act of 1973, as amended, specifically 29 U.S.C. ss 215 (a)(3), et. seq. and 791 et. seq.

As a direct and proximate result of the conduct of defendant, plaintiff has suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of his rights to equal employment opportunities.

## COUNT FOUR

HOSTLE WORK ENVIRONMENT (Title VII, 42 U.S.C. s 2000e et. seq.)

Plaintiff hereby re-alleges and incorporates all allegations contained in all above paragraphs as if fully set forth herein.

Defendant's actions against plaintiff constitute a violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. s 2000e et. seq.

As a direct and proximate result of the conduct of defendant, plaintiff has suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of his rights to equal employment opportunities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

That this court declare the actions complained of herein to be in violation of 29 U.S.C. ss 215(a)(3), 623 and 791, et. seq. and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. s 2000e et. seq.

That defendant be ordered to take appropriate affirmative acts to insure that the actions complained of herein are not engaged in again by defendant or any of its agents and to place plaintiff in the position he would currently enjoy but for the unlawful conduct of defendant.

That defendant, including the officers, director, agents, employees and successors be permanently enjoined from discriminating or retaliating against any person.

That actual and treble damages be awarded to plaintiff and against defendant;

That compensatory damages be awarded to plaintiff and against defendant

That plaintiff be awarded his attorneys' fees

That plaintiff be awarded his costs; and

That plaintiff be awarded all other relief that this court deems just and proper under the circumstances.

DATED this 26th day of October, 2017.

Signed: *Gerald E. Juels*

Printed: Gerald E. Juels

Plaintiff pro se

2402 30th Avenue S. Apt. 1A

Grand Forks, ND 58201

Phone (701) 757-0148